# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **THE VENUE EVENT CENTER, INC.,** <br><br> PLAINTIFF, <br><br> v. <br><br> **SL AIRPARK, LLC, ET AL.,** <br> DEFENDANTS. | CIVIL No. 3:17-cs-00733 <br><br> Judge Trauger |

**MOTION TO RECONSIDER ORDER DISMISSING PLAINTIFF'S CASE FOR FAILURE TO FILE A RESPONSE PURSUANT TO LOCAL RULE 7.01(b) (DOCKET NO. 6) AND MEMORANDUM OF LAW IN SUPPORT**

* * * * *

**COMES NOW** the Plaintiff, by and through counsel, and moves this Court to Reconsider its Order (Docket No. 6) granting Defendants Motion to Dismiss (Docket No. 5) because the Plaintiff did not file a response pursuant to Local Rule 7.01(b), and states as follows:

1. This case was originally filed on March 21, 2017, and removed by the Defendants on April 21, 2017, to this Court based upon Diversity Jurisdiction (Docket No. 1).

2. The Plaintiff has thirty (30) days after the filing of the notice of removal in which to file a motion to remand the case to state court "…on the basis of any defect other than lack of subject matter jurisdiction…", which would be May 22, 2017[1]. 28 U.S.C.S. Section 1447(c).

---
[1] May 21, 2017 is a Sunday.

3. The Defendant, simultaneously with the filing of its Notice of Removal (Docket No. 1) filed a Motion to Dismiss (Docket No. 5).

4. Counsel for the Plaintiff was recently retained on the federal case and entered his appearance.

5. The Plaintiff asks the court to consider this argument in response to Defendants' Motion to Dismiss (Docket No. 5) and rule on the merits.

**Memorandum of Law:**

The Federal Rules of Civil Procedure provide that this court may alter or amend its Order entered on May 16, 2017, dismissing the case because Plaintiff failed to file a response within the time frame set forth in Local Rule 7.01(b) and "the court presumes that the plaintiff does not oppose the Motion to Dismiss…" *May 16, 2017, Order, Doc. No. 6*; Federal Rules of Civil Procedure 59(e) and 60. The Plaintiff was in the process of retaining counsel for Federal Court and counsel believed, based on the Defendant's Removal to this Court, that the Plaintiff would have thirty (30) days in which to file for a remand. 28 U.S.C.S. 1447(c). The Plaintiff does oppose the Defendants' Motion To Dismiss. Defendants' Motion to Dismiss is based on res judicata and contains misstated facts and fallacious legal theories.

First off, the Defendant's filed a detainer warrant in the Davidson County General Sessions Court seeking "Possession Only". The General Sessions Court granted a default judgment in favor of Plaintiffs (Defendants in this action) for "**Possession Only**". The Defendants' herein never claimed or requested "damages related to the Lease..." in the General Sessions Court as they stated in their memorandum to this Court. (Docket No. 5-1), p. 1, last sentence. In fact, they hand wrote on the face of the detainer warrant they were seeking "Possession Only".

Res judicata consists of two concepts, "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. In re Byard, 47 B.R. 700, 702, (Bankr. M.D. Tenn. Mar. 15, 1985); Regions Fin. Corp. v. Marsh USA, Inc., 310 S.W.3d 382, 393-94 (Tenn. Ct. App. Feb. 19, 2009). Defendants are not claiming the issue was raised or litigated in the General Sessions Court so issue preclusion is a non-issue. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar. Id.

In Tennessee, a party asserting res judicata must establish the following: "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." Boyce v. LPP Mortgage Ltd., 435 S.W.3d 758, 764 (Tenn. Ct. App. 2013); Davis v. JPMorgan Chase Bank, N.A., 2015 U.S. Dist. LEXIS 93568, *8, 2015 WL 4422687 (M.D. Tenn. July 16, 2015). The Defendants claim of res judicata fails because the same claim or cause of action was not asserted in both suits. The claim asserted by the Defendants herein (Plaintiffs in the detainer action in General Sessions Court) stated only one claim "Possession Only". The Plaintiff is not asserting in the lawsuit at bar that it is entitled to possession of the leased premises on or after February 9, 2017[2]. The Plaintiff is suing in tort and contract for damages caused by Breach of a written lease agreement, tortious interference with business relationships, and in *quantum meruit (*for improvements made to the

---

[2] The date the General Sessions Court granted a default judgment of "possession only" to the Defendants herein.

property). Docket No. 1-1 *See Complaint*. The damages claim was not litigated in the detainer warrant. *Res Judicata* does not exist "…where the matters in the second action could not have been litigated in the forcible entry and detainer action, such as claims for damages." Boyce, at *12. Accordingly, the Defendants' claim of *res judicata* is without merit.

Furthermore, the General Sessions Court **did not have jurisdiction to hear any damages issue or enter a monetary judgment** since the Defendants herein chose to dispense with personal service and serve by posting the detainer warrant on the door of the leased property. Tenn. Code Ann. § 29-18-115. "[N]otice by service of process in a manner provided by law is essential to give the trial court personal jurisdiction over the parties, and without jurisdiction, judgment against a defendant who is not before the court is void and subject to attack." Yousif v. Clark, 317 S.W.3d 240, 246 (Tenn. Ct. App. January 13, 2010) (citing *In re Estate of Graham*, No. 85-114-II, 1986 Tenn. App. LEXIS 2851, 1986 WL 3156 (Tenn. Ct. App. Mar. 12, 1986)); Tommy Burney Homes v. Francis, 2015 Tenn. App. LEXIS 650, *9-10 (Tenn. Ct. App. Aug. 12, 2015). As Defendants' Exhibit 1, a certified copy of the General Sessions Detainer Warrant, clearly points out, "The Venue Event Center Inc. served for Possession Only by posting copy of the front door & mailing copy to the last known address." Signed by Deputy Sheriff Joe Gaines. Service by posting to the door is only effective in Tennessee, if the party is "only seeking possession of the property, not a judgment for monetary damages. *See* Tenn. Code Ann. § 29-18-115" Sec'y of Veteran's Affairs v. Frazier, 2007 Tenn. App. LEXIS 99, *3-4, 2007 WL 595595 (Tenn. Ct. App. Feb. 23, 2007).

More disturbing is that the Defendants actually induced the Plaintiff not to appeal the default judgment by agreeing that the detainer action was for Possession Only and the parties were free to bring claims under the lease or any other claim they may have against each other by separate

action at a future date. The sole reason was to mitigate any claim for future rent since the Plaintiff's business, by this time, had been destroyed by the Defendants.

Since, this motion was filed no later than (28) days from the entry of the judgment this Court may consider this under Rule 59 or Rule 60. Under Fed. R. Civ. P. 59(e), a district court will reconsider a prior decision if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). This Court could grant Plaintiff's motion to reconsider because of a clear error of law and a need to prevent manifest injustice.

Rule 60(b) sets out six reasons for which the Court is authorized to grant relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
> Fed. R. Civ. Pro. 60(b).

This Court could grant relief from the judgment under Rule 60 because the Court presumed under the Local Rules that the Plaintiff did not oppose Defendants Motion to Dismiss and the Defendants have now filed their opposition contained in this motion. Counsel believed that because 28 U.S.C.S. Section 1447(c) provides thirty days to file a remand that the Court would not take action until after the expiration of the thirty-day window. Neither party will suffer any prejudice by the

granting of this motion.  The Plaintiff could have filed for a remand until the expiration of the thirty-day (30) window or simply refiled its suit.

      **WHEREFORE,** Plaintiff prays this Court will grant its motion to reconsider under either Rule 59 or Rule 60 for the reasons above stated and allow its response in opposition to the Defendants' Motion to Dismiss to be considered by this Court.

Respectfully submitted,

s/Charles E. Walker
Charles E. Walker, BPR No. 021277
**WOODBINE LEGAL PC**
69 Thompson Lane
Nashville, Tennessee  37211
o: 615-367-5111  |  f: 615-383-1154
E-Mail:  charles@woodbinelegal.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE:**

I hereby certify that on May 21, 2017, I electronically filed the foregoing Motion to Reconsider and Memorandum in Support with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail address on file with the Court:

Tara L. Swafford
Elizabeth G. Hart
The Swafford Law Firm, PLLC
207 Third Avenue North
Franklin, Tennessee 37064
*Counsel for Defendant*

s/Charles E. Walker                -
Charles E. Walker, BPR No. 021277