IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE VENUE EVENT CENTER, INC., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) NO. 3:17-cv-0733 |
| | ) JUDGE TRAUGER |
| SL AIRPARK, LLC and SL | ) |
| AIRPARK II, LLC, | ) |
| | ) |
| Defendants | ) |

**MEMORANDUM AND ORDER**

Pending before the court is Defendants' Motion to Dismiss (Docket No. 5). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

INTRODUCTION

This action arises from a Lease Agreement between Plaintiff, The Venue Event Center ("VEC"), and Defendants, SL Airpark, LLC and SL Airpark II, LLC ("SL Airpark"). In December of 2016, SL Airpark filed a detainer action in the Davidson County General Sessions Court, alleging that VEC was unlawfully detaining the subject property and seeking "whatever sum is due and owing at the date of trial plus reasonable attorney's fees" and possession of the property (Docket No. 5-2). Unable to achieve proper service upon VEC to recover damages,[1] SL Airpark, at the General Sessions Court hearing, sought possession only. *Id*.

---

[1] Pursuant to Tenn. Code Ann. § 29-18-115, a landlord unable to obtain personal service with regard to a detainer action may post publication notice on the property. With that means of service, however, the landlord is entitled to possession only.

VEC failed to appear at the General Sessions Court hearing, and that court entered default judgment, awarding possession to SL Airpark (Docket No. 5-2). VEC did not appeal that order. VEC later filed a Motion to Set Aside Default Judgment (Docket No. 5-3), based upon improper service of process.[2] The General Sessions Court denied VEC's motion and ordered VEC to vacate the property by February 17, 2017 (Docket No. 5-2). VEC did not appeal that order.

Subsequently, VEC filed a new action in Davidson County Chancery Court, alleging that SL Airpark breached the Lease Agreement by evicting VEC and tortiously interfered with VEC's business relationships. VEC also claimed that its improvements to the property entitled it to quantum meruit damages from SL Airpark. *See* Docket No. 1-1.

SL Airpark removed the action to this court based upon diversity of citizenship. Neither side disputes that the claims herein are state law claims and are governed by Tennessee law. SL Airpark asks the court to dismiss this action based upon the doctrine of *res judicata*. SL Airpark contends that VEC's claims were or could have been raised in the General Sessions action and, therefore, are barred.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[2] The General Sessions Court considered and rejected VEC's arguments concerning service of process (Docket No. 5-2 at 3).

alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

RES JUDICATA

The doctrine of *res judicata* bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009);[3] *Davis v. JPMorgan Chase Bank*, 2015 WL 4422687 at * 3 (M.D. Tenn. July 16, 2015). The primary purposes of the doctrine are to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits. *Creech*, 281 S.W.3d at 376.

A party asserting *res judicata* must establish that: (1) the underlying judgment was rendered by a court of competent jurisdiction; (2) the same parties or their privies were involved in both suits; (3) the same claim or cause of action was asserted in both suits, and (4) the underlying judgment was final and on the merits. *Davis* at * 3. There is no dispute here that the General Sessions Court is a court of competent jurisdiction, that the same parties were involved in both suits, or that the

---

[3] Federal courts must give the same preclusive effect, under the doctrine of *res judicata*, to state court judgments as those judgments would receive in courts of the rendering state. *Davis v. JPMorgan Chase Bank*, 2015 WL 4422687 at * 3 (M.D. Tenn. July 16, 2015).

3

underlying judgment was final and on the merits. VEC argues that the same claim or cause of action was not asserted in both suits.

Two suits will be deemed the same cause of action for purposes of *res judicata* where they arise out of the same transaction or a series of connected transactions. *Davis* at * 4; *Creech*, 281 S.W.3d at 381. Both the General Sessions action and this action arose from the Lease Agreement between the parties and SL Airmark's action to evict VEC from the property.

VEC argues that *res judicata* should not apply because the earlier action was for possession only and VEC seeks damages in this action. VEC's claims for damages could have been asserted as defenses in the General Sessions case, however, and they were not. Even if SL Airmark limited its claim to possession only, VEC could have defended against that action and raised its claims in that proceeding.

In *Foster v. Federal Nat'l Mortgage Ass'n*, 2013 WL 3961193 (Tenn. Ct. App. July 31, 2013), the court held that "there is absolutely no doubt that wrongful foreclosure can be raised as an affirmative defense to an unlawful detainer action." *Id*. at * 3. Similarly, here, VEC's claims could have been raised as affirmative defenses to the detainer action. Failing to raise these matters as to the alleged wrongful eviction, which could have been litigated and decided as part of the detainer action, bars VEC from the opportunity to raise those defenses here.[4] *Id*. It is immaterial that the two lawsuits are based on different grounds, or tried on different theories, or instituted for different

---

[4] The doctrine of *res judicata* only requires that there be a full and fair *opportunity* to litigate all issues arising out of the claim; every applicable issue need not be actually litigated in order for *res judicata* to apply. *Davis v. Williams*, 2011 WL 335069 at * 3 (Tenn. Ct. App. Jan. 31, 2011).

4

purposes and seek different relief. *Id*. at * 4; *Davis v. Williams*, 2011 WL 335069 at * 3 (Tenn. Ct. App. Jan. 31, 2011) (citing *Gerber v. Holcomb*, 219 S.W.3d 914, 919 (Tenn. Ct. App. 2006)).

This action involves claims and issues that could and should have been raised in the General Sessions Court detainer action between these parties. Therefore, *res judicata* bars Plaintiff VEC's claims.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 5) is GRANTED, this action is DISMISSED, and the Clerk is directed to close the file. The Initial Case Management Conference set for July 24, 2017, is canceled. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

ENTER this 11th day of July 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

5